CASE NO.                                JEFFERSON CIRCUIT COURT
                                             DIVISION _____

CLAUDINE MUJAWIMANA                                   PLAINTIFF

V.                           **VERIFIED COMPLAINT**
                             *Electronically filed*

C-K LA FONTENAY, LLC                                      DEFENDANTS
160 Greentree Drive, Suite 101
Dover, DE 19904

      SERVE:    National Registered Agents, Inc.
                       306 W. Main Street
                       Suite 512
                       Frankfort, KY 40601

CLK Multifamily Management
5545 Murray Avenue, 3rd Floor
Memphis, TN 38119

      SERVE:    National Registered Agents, Inc.
                       306 W. Main Street
                       Suite 512
                       Frankfort, KY 40601

                          **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Comes the Plaintiff, Claudine Mujawimana, by counsel, and for her Complaint against Defendants, C-K La Fontenay, LLC and CLK Multifamily Management, LLC, alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is proper pursuant to KRS 23A.010 and the amount in question is within the jurisdictional limits of this Court.

2. Plaintiff Claudine Mujawimana (hereinafter "Plaintiff" or "Ms. Mujawimana") is an individual who resides in Jefferson County, Kentucky.

3. Upon information and belief, Defendant C-K La Fontenay, LLC is a Kentucky registered foreign limited liability company operating within Jefferson County, Kentucky.

Page **1** of **6**

**EXHIBIT 1**

4. Upon information and belief, Defendant CLK Multifamily Management, LLC is a Kentucky registered foreign limited liability company operating within Jefferson County, Kentucky.

5. Defendants C-K La Fontenay, LLC and CLK Multifamily Management, LLC shall be referred to collectively herein as "Defendants" or "CLK".

6. Venue is appropriate as the subject events occurred in Jefferson County, Kentucky.

## FACTUAL BACKGROUND

7. Ms. Mujawimana's causes of action arise from injuries and damages sustained on premises owned and/or operated by Defendants.

8. On or about October 6, 2020, Ms. Mujawimana and others entered to a renewal lease with Defendants for a residence located at 166 Laurie Vallee Road, Louisville, KY 40223 ("Apartment") located within the La Fontenay Apartment Complex ("La Fontenay").

9. La Fontenay is owned and/or operated by Defendants.

10. On or about March 7, 2021, Ms. Mujawimana was in the hallway of her Apartment when a severe water leak caused the ceiling to crash down suddenly and violently onto her head throwing her forward onto the floor. Ms. Mujawimana required immediate medical attention and was transported by ambulance to the hospital.

11. Sadly, due to Defendant's avoidable actions, Ms. Mujawimana suffered a miscarriage and lost her unborn child.

12. A week prior to being injured by the Defendants, Ms. Mujawimana had been examined by her OB/GYN and it was found that Ms. Mujawimana and her baby were both doing well.

13. In addition to the indescribable loss of her unborn child, Ms. Mujawimana suffered abdominal pain, pelvic pain, and severe bleeding.

14. Defendants' actions not only caused the unnecessary loss of Ms. Mujawimana's unborn child and caused Ms. Mujawimana to suffer agonizing mental and physical pain, but also led to catastrophic property damage.

15. Defendants had a contractual duty to maintain the premises of La Fontenay.

16. Defendants failed to maintain the premises of La Fontenay as the Lease Agreement required.

17. As a direct and proximate result of the Defendants failure to properly maintain the premises of La Fontenay the Plaintiff lost her unborn child, suffered extreme mental and physical pain, and lost the use of her personal property.

18. As a further direct and proximate result of the wanton, negligent, careless, and reckless behavior of the Defendants, Ms. Mujawimana sustained serious personal injuries and damages, including past and future medical expenses, past and future pain and suffering, loss of enjoyment of life, past and future wage loss, and physical impairment.

19. The damages suffered by Ms. Mujawimana are in excess of the minimum jurisdictional requirements of this Court.

## COUNT I – NEGLIGENCE

20. Ms. Mujawimana hereby incorporates all preceding paragraphs as if fully restated herein.

21. Defendants had a duty of reasonable care to maintain the premises of La Fontenay and to not cause injury or damage to Ms. Mujawimana, Ms. Mujawimana's unborn child, or Ms. Mujawimana's property.

22. The Defendants failed to properly care for and maintain the premises of La Fontenay.

23. As a direct and proximate result of the Defendants' negligent, careless, and reckless acts Ms. Mujawimana sustained injuries.

24. Defendants foresaw, or in the exercise of ordinary care should have foreseen, injuries or damages to Ms. Mujawimana.

25. Ms. Mujawimana has been damaged by Defendants in an amount in excess of the minimum jurisdictional requirements of this Court.

### COUNT II – BREACH OF CONTRACT

26. Ms. Mujawimana hereby incorporates all preceding paragraphs as if fully restated herein.

27. Ms. Mujawimana and Defendants are parties to a Lease Agreement.

28. Ms. Mujawimana has performed, or is ready, willing, and able to perform, all contractual obligations under the Lease Agreement.

29. The Defendants have failed to perform their obligations under the Lease Agreement.

30. Ms. Mujawimana has been damaged as a result of the Defendants' breaches.

### COUNT IIII – PUNITIVE DAMAGES

31. Ms. Mujawimana hereby incorporates all preceding paragraphs as if fully restated herein.

32. Ms. Mujawimana is entitled to punitive damages against the Defendants who acted with wanton, negligent, careless, and reckless disregard for the health, welfare, and safety of others, including Ms. Mujawimana.

33. Defendants are liable to Ms. Mujawimana for punitive damages in an amount as supported by evidence and law of the Commonwealth of Kentucky.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Claudine Mujawimana, respectfully demands and prays as follows:

1. Judgment against Defendants in an amount determined to fairly and reasonably compensate her for the damages suffered, including:

Presiding Judge: HON. BRIAN EDWARDS (630312)

COM : 000004 of 000006

    a. Past and future medical expenses;

    b. Past and future pain and suffering;

    c. Loss of enjoyment of life;

    d. Loss of fetus;

    e. Past and future wage loss; and

    f. Physical impairment;

2. Punitive damages against the Defendant;

3. For Plaintiff's costs expended herein, including attorneys' fees;

4. For any and all other relief to which Plaintiff may appear to be entitled; and

5. TRIAL BY JURY

                                    Respectfully submitted,

                                    */s/ Randall S. Strause*
                                    Randall S. Strause
                                    Strause Law Group, PLLC
                                    804 Stone Creek Pkwy
                                    Suite 1
                                    Louisville, KY 40223
                                    (502) 426-1661
                                    rstrause@strauselawgroup.com

## VERIFICATION

I, Claudine Mujawimana, have read the foregoing statements, and based upon my information and belief, said statements are true and correct.

_____
**CLAUDINE MUJAWIMANA**

STATE OF KENTUCKY      )
                                              )
COUNTY OF JEFFERSON  )

SUBSCRIBED AND SWORN to before me by Claudine Mujawimana, this the 14th day of February 2022.

_____
NOTARY PUBLIC, STATE-AT-LARGE, KENTUCKY

My Commission Expires: _____.
Notary ID:_____.

**RANDALL S. STRAUSE**
Notary Public, State at Large, KY
Notary ID# 597660
My commission expires Mar. 19, 2022

*Electronically Filed*

CASE NO. 22-CI-000879  JEFFERSON CIRCUIT COURT
DIVISION ELEVEN (11)
HON. BRIAN EDWARDS

**CLAUDINE MUJAWIMANA**  **PLAINTIFF**

v.

**C-K LA FONTENAY, LLC**  **DEFENDANTS**
and
**CLK MULTIFAMILY MANAGEMENT**

*** ** *** ** *** ** ***
<u>DEFENDANTS', C-K LA FONTENAY, LLC AND CLK MULTIFAMILY
MANAGEMENT, ANSWER TO PLAINTIFF'S COMPLAINT</u>

Come the Defendants, C-K La Fontenay, LLC AND CLK Multifamily Management (collectively "Defendants"), for Defendants' Answer to Plaintiff's Complaint, state as follows:

1. Any and all allegations which are not specifically admitted in this Answer are hereby denied.

2. The allegations stated in Paragraphs 1, 6, 19, 21, 25, 30 and 33 of Plaintiff's Complaint state pure legal conclusions, to which no response is necessary; however, to the extent that a response is required, Defendants deny same.

3. Defendants, upon information and belief, admit the allegations stated in Paragraph 2 of Plaintiff's Complaint.

4. Defendants admit the allegations stated in Paragraphs 3, 4, 8, 9 and 27 of Plaintiff's Complaint.

5. Defendants deny the allegations stated in Paragraphs 16, 17, 18, 22, 23, 24, 29 and 32 of Plaintiff's Complaint.

6. Paragraph 15 of Plaintiff's Complaint lacks specificity and for that reason Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and, for that reason, must deny the allegations stated therein.

1

7. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations stated in Paragraphs 7, 10, 11, 12, 13, 14 and 28 of Plaintiff's Complaint, and therefore, deny those allegations.

8. Paragraph 5 of Plaintiff's Complaint merely defines terms for later use and, for that reason, no response is required, however, to the extent a response to Paragraph 5 of Plaintiff's Complaint is deemed necessary, Defendants deny all such allegations stated therein.

9. Paragraphs 20, 26, and 31 of Plaintiff's Complaint state no new allegations, but merely incorporate by reference Plaintiff's prior made statements, allegations, and conclusions; as such, in response to Paragraphs 20, 26, and 31 of Plaintiff's Complaint, Defendants, by this reference, incorporates Defendants' prior responses to Plaintiff's statements, allegations, and conclusions as if fully restated herein.

10. The remainder of Plaintiff's Complaint constitutes a prayer for relief to which no response is necessary; however, to the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

<b>FIRST DEFENSE</b>

All or part of Plaintiff's Complaint fails to state a claim upon which relief may be granted and, for that reason, must be dismissed.

<b>SECOND DEFENSE</b>

All or part of the Plaintiff's injuries were caused or contributed to by the Plaintiff's own actions and/or inactions, and as such, any recovery in this case should be precluded and/or diminished by the extent of Plaintiff's own wrongdoing.

<b>THIRD DEFENSE</b>

All or part of Plaintiff's claims and injuries were caused or contributed by the actions or inactions of third parties, not Defendants, and Plaintiff's claims and/or recoveries should be precluded and/or diminished by the extent by the fault of said third parties.

Filed                22-CI-000879      03/28/2022           David L. Nicholson, Jefferson Circuit Clerk

## FOURTH DEFENSE

Any and all alleged hazards to or at the subject property about which Plaintiff complains were open and obvious, and/or reasonably ascertainable by Plaintiff and, as such, Defendants have no obligation to warn, rectify, or correct said hazards.

## FIFTH DEFENSE

Plaintiff has an obligation to mitigate Plaintiff's damages; to the extent Plaintiff has not done so, Defendants are entitled to a credit or setoff against any amount awarded Plaintiff in the amount of the damages that could have been reasonably avoided by Plaintiff.

## SIXTH DEFENSE

Defendants plead that any money Plaintiff recovers or has recovered from any other source for alleged injuries and/or damages, if any, should be an offset to any judgment rendered against Defendants, if any.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to plead with specificity special damages as required by CR 9.06.

## EIGHTH DEFENSE

Plaintiff's Complaint fails to set forth allegations sufficient to support a claim of punitive damages under existing law.

## NINTH DEFENSE

Plaintiff's claim for punitive damages fails to establish the central elements of fraud, oppression or malice as required under KRS 411.184, and Plaintiff is, therefore, not entitled to punitive damages as a matter of law.

## TENTH DEFENSE

Plaintiff's claim for punitive damages is in violation of and is barred by the Fifth and Fourteenth Amendments to the United States Constitution.

3

Filed  269261122v.1      22-CI-000879      03/28/2022           David L. Nicholson, Jefferson Circuit Clerk

## ELEVENTH DEFENSE

Plaintiff's claim for punitive damages is in violation of and is barred by the prohibitions against excessive fines and cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution.

## TWELFTH DEFENSE

Plaintiff's claim for punitive damages is in violation of and is barred by § 2 and § 14 of the Kentucky Constitution.

## THIRTEENTH DEFENSE

Pursuant to Ky. CR 12.02(f), one or more Plaintiff's claims must be dismissed on the basis that Plaintiff has failed to state a claim upon which relief can be granted.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by one or both of the applicable statute of limitations or the doctrine of laches and should, therefore, be dismissed with prejudice.

## FIFTEENTH DEFENSE

Defendants specifically rely upon each and every affirmative defense recited, stated, and found in Ky. CR 8.03 as one or more of those defenses may be, or are, applicable to the present matter based on the evidence in this matter, and any other matter, constituting an avoidance or an affirmative defense as the evidence of this matter may reveal.

## SIXTEENTH DEFENSE

Defendants reserve all defenses related to insufficiency of either or both process or service of process.

## SEVENTEENTH DEFENSE

Plaintiff's alleged damages are speculative, and, thus, unavailable as a matter of law.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred to the extent of any prior material breach of contract on Plaintiff's part, unilateral or mutual mistake, lack of consideration, misrepresentation or fraud, lack of privity, waiver, assumption of risk, estoppel or release of liability.

4

## NINETEENTH DEFENSE

Defendants reserve the right to assert additional defenses to Plaintiff's claims, and assert counterclaims and third-party claims in the future, should the need arise.

WHEREFORE, for the foregoing reasons, Defendants, C-K La Fontenay, LLC AND CLK Multifamily Management, by counsel, respectfully request the following relief:

1. Dismissal of Plaintiff's Complaint, with prejudice;

2. Their costs herein expended, including a reasonable attorney's fee;

3. Trial by jury; and

4. Any and all other relief to which Defendants may reasonably appear to be entitled.

       Respectfully submitted,

       */s/ Jeremy J. Nelson*
       Jeremy J. Nelson
       Lynsie Gaddis Rust
       Wilson, Elser, Moskowitz, Edelman & Dicker LLP
       100 Mallard Creek Road, Suite 250
       Louisville, KY 40207
       Telephone: 502.238.8500
       Facsimile: 502.238.7995
       jeremy.nelson@wilsonelser.com
       lynsie.rust@wilsonelser.com
       *Counsel for Defendants, C-K La Fontenay, LLC AND CLK Multifamily Management*

## CERTIFICATE OF SERVICE

      I hereby certify that March 28, 2022, I electronically filed the foregoing with the Jefferson Circuit Court Clerk, and that a true and accurate copy of the foregoing was served via first class U.S. Mail, postage prepaid, to the following:

Randall S. Strause
Strause Law Group, PLLC
804 Stone Creek Pkwy
Louisville, KY 40223
rstrause@strauselawgroup.com
*Counsel for Plaintiff*

                                  */s/ Jeremy J. Nelson*
                                  *Counsel for Defendants, C-K La Fontenay, LLC AND CLK Multifamily Management*

<u>*ELECTRONICALLY FILED*</u>

| | |
|---|---|
| CASE NO. 22-CI-000879 | JEFFERSON CIRCUIT COURT<br>DIVISION ELEVEN (11)<br>HON. BRIAN EDWARDS |

**CLAUDINE MUJAWIMANA**                                                                                   **PLAINTIFF**

**v.**

**C-K LA FONTENAY, LLC**                                                                                    **DEFENDANTS**
**and**
**CLK MULTIFAMILY MANAGEMENT**

*** *** *** ***

<u>**NOTICE OF SERVICE OF WRITTEN DISCOVERY**</u>

Come the Defendants, C-K La Fontenay, LLC and CLK Multifamily Management, by counsel, and hereby provide notice that the Defendants have served their Requests for Admission, Interrogatories, and Requests for Production of Documents to Plaintiff, Claudine Mujawimana, via e-mail, on March 31, 2022.

Respectfully submitted,

<u>*/s/ Jeremy J. Nelson*</u>
Jeremy J. Nelson
Lynsie Gaddis Rust
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Telephone: 502.238.8500
Facsimile: 502.238.7995
jeremy.nelson@wilsonelser.com
lynsie.rust@wilsonelser.com
*Counsel for Defendants, C-K La Fontenay, LLC*
*and CLK Multifamily Management*

1

269466062v.1

## CERTIFICATE OF SERVICE

      I hereby certify that on March 31, 2022, I electronically filed the foregoing with the Clerk of the Court by using the KCOJ eFiling system, which will send a notice of electronic filing to the following:

Randall S. Strause
Strause Law Group, PLLC
804 Stone Creek Pkwy
Louisville, KY 40223
rstrause@strauselawgroup.com
*Counsel for Plaintiff*

                                                            */s/ Jeremy J. Nelson*
                                                            *Counsel for Defendants*

2

| | |
|---|---|
| CASE NO. 22-CI-000879 | JEFFERSON CIRCUIT COURT<br>DIVISION ELEVEN (11)<br>HON. BRIAN EDWARDS |
| CLAUDINE MUJAWIMANA | PLAINTIFF |
| v. | **NOTICE OF SERVICE** |
| C-K LA FONTENAY, LLC<br>and<br>CLK MULTIFAMILY MANAGEMENT | DEFENDANTS |

\*\*\*   \*\*\*   \*\*\*

Notice is hereby given that the Plaintiff, Claudine Mujawimana, by and through counsel, has served the Defendants, C-K La Fontenay, LLC & CLK Multifamily Management, with her Responses to Defendant's First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents, on this the 29th day of April 2022, via email.

Respectfully submitted,

*/s/ Randall S. Strause*
RANDALL S. STRAUSE
STRAUSE LAW GROUP, PLLC
804 Stone Creek Parkway, Suite One
Louisville, KY 40223
*Telephone:* 502-426-1661
*Facsimile:* 502-426-6772
*Email:* cgraham@strauselawgroup.com
**Counsel for Plaintiff**

Filed          22-CI-000879     04/29/2022         David L. Nicholson, Jefferson Circuit Clerk

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was electronically filed this 29th day of April 2022 using the court's e-filing system, which will provide a copy to all counsel of record. A true copy of the foregoing has also been sent via first class mail to the following:

Jeremy J. Nelson
Lynsie Gaddis Rust
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
jeremy.nelson@wilsonelser.com
lynsie.rust@wilsonelser.com
*Counsel for Defendants, C-K La Fontenay, LLC*
*AND CLK Multifamily Management*

                                              /s/ Randall S. Strause
                                              **COUNSEL FOR PLAINTIFF**

Filed          22-CI-000879     04/29/2022         David L. Nicholson, Jefferson Circuit Clerk

Filed 22-CI-000879 05/11/2022 David L. Nicholson, Jefferson Circuit Clerk

NO. 22-CI-000879     JEFFERSON CIRCUIT COURT
DIVISION ELEVEN (11)
HON. BRIAN EDWARDS

**CLAUDINE MUJAWIMANA**     **PLAINTIFF**

*Electronically Filed*

v.     **ENTRY OF APPEARANCE**

**C-K-LA FONTENAY LLC**     **DEFENDANTS**
**-and-**
**CLK MULTIFAMILY MANAGEMENT**

\*\*\* \*\*\* \*\*\*

Comes the undersigned counsel, Stephen H. Miller, and hereby enters his appearance as co-counsel of record for the Defendants in this action.

Please direct all future pleadings and correspondence for the Defendants to co-counsel at the address as listed below.

Respectfully submitted,

/s/ Stephen H. Miller
STEPHEN H. MILLER
111 W. Washington Street, Suite 302
Louisville KY 40202
(502) 589-5250
smiller@stephenhmiller.com
*Co-counsel for Defendants*

### Certificate of Service

I hereby certify that on this 11th day of May, 2022, a copy of the foregoing Entry of Appearance was electronically filed and further a copy was delivered via the Court's electronic filing system to all interested parties. In addition, a copy was delivered via email to jeremy.nelson@wilsonelser.com, lynsie.rust@wilsonelser.com and rstrause@strauselawgroup.com.

/s/ Stephen H. Miller

Filed 22-CI-000879 05/11/2022 David L. Nicholson, Jefferson Circuit Clerk